IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID WHITE, #06317-122,<br><br>      Petitioner,<br><br>v.<br><br>ESTELA DERR,<br><br>      Respondent. | CIVIL NO. 22-00321 LEK-KJM<br><br>**DISMISSAL ORDER** |

## DISMISSAL ORDER

Before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") filed by pro se Petitioner David White ("White"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because White does not challenge the fact or duration of his confinement, the Petition is DISMISSED. Any claims relating to the conditions of White's confinement must be raised, if at all, in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### I. BACKGROUND

In 2020, White pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.  *See* Judgment in a Criminal Case, *United States v. White*, Cr. No. 19-00071 DKW (D. Haw. Dec. 3, 2020), ECF No. 141.  White was sentenced to seventy-six months' imprisonment, *id*. at 2, and he is now incarcerated at the Federal Detention Center in Honolulu, Hawaii.  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "06317-122" in "Number" field; and select "Search").  White is currently scheduled for release on November 11, 2026.  *Id*.

The Court received White's Petition on July 25, 2022, ECF No. 1, and White paid the $5.00 filing fee on August 4, 2022, ECF No. 3.  White alleges in the Petition that "FDC Honolulu" has "denied [him] medical treatment and ignored his pleas for both medication and care."  ECF No. 1 at 6.  White asserts that he has "significant documented heart issues" that are not being treated.  *Id*.  White asks the Court to order Warden Derr "to immediately transfer [him] to a facility that can address his medical needs."  *Id*. at 7.

## II.  SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010).  This rule also applies to a habeas petition

brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

### III. DISCUSSION

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a federal prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto." 28 U.S.C. § 2243.

The Ninth Circuit has said that 28 U.S.C. § 2241 is the appropriate avenue for relief when a federal prisoner "challenges the fact or duration of his confinement." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (citations and footnote omitted); *see also Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011) ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement." (citation omitted)).

In contrast, the appropriate avenue for a federal prisoner asserting a civil rights violation based on the *conditions* of his confinement is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Tucker*, 925 F.2d at 332; *see also Brown v. Blanckensee*, 857 F. App'x 289, 290 (9th Cir. 2021) ("As the district court correctly concluded, the appropriate remedy for these claims lies in a civil rights action under *Bivens* . . . rather than a § 2241 petition."); *Brown v. Blanckensee*, 857 F. App'x 295, 296 (9th Cir. 2021) (same).

Here, White does not challenge the fact or duration of his confinement. Instead, he only challenges the conditions of his confinement.  Specifically, White alleges that he has been denied adequate medical care at FDC Honolulu.  ECF No. 1 at 6.  White asks the Court to order Warden Derr "to immediately transfer [him] to a facility that can address his medical needs."[1]  *Id.* at 7.  White's claims, therefore, relate to the conditions at FDC Honolulu, not the fact or duration of his confinement.

Because success on White's claims would not necessarily lead to his immediate or earlier release from confinement, they must be raised, if at all, in a

---

[1] To the extent White seeks to challenge his individual placement designation, the Court lacks jurisdiction to consider such a claim.  *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court."); *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021) ("Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment."); *Brown v. Ives*, 543 F. App'x 636, 637 (9th Cir. 2013) ("Insofar as [petitioner] is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition." (citation omitted)).

4

civil rights action under *Bivens*. *See Schulze v. Kobayashi*, No. 20-00222 DKW-RT, 2020 WL 254407, at *1 (D. Haw. May 19, 2020) ("If success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release from confinement, the claim does not fall within 'the core of habeas corpus' and, thus, is not cognizable under 28 U.S.C. § 2241"); *see also Greenhill v. Lappin*, 376 F. App'x 757, 757 (9th Cir. 2010) ("The appropriate remedy for [federal prisoner's] claim, which relates to the conditions of his confinement, lies in a civil rights action under *Bivens*[.]")  Accordingly, the Petition is DISMISSED.

## IV. <u>CONVERSION OF THE PETITION</u>

A district court may construe a petition for habeas corpus to plead a civil rights cause of action after notifying and obtaining informed consent from the prisoner. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). The Court declines to convert White's Petition into a civil rights complaint, however, because of the differences in the procedures undertaken in habeas proceedings and civil rights actions.

First, if the Court converted the Petition into a civil rights complaint, White would be obligated to pay the fees for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. §§ 1914, 1915(b). Any dismissal of the action at the pleading stage would not terminate White's duty to pay the filing fee. Here, the

Petition was not accompanied by the required fees or an authorization by White to have the fees deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

Second, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "The Supreme Court has acknowledged . . . that federal prisoners suing under [*Bivens*] must first exhaust inmate grievance procedures." *Hoffman v. Preston*, 26 F.4th 1059, 1070 (9th Cir. 2022) (quotation marks and citation omitted) (brackets in original). Here, White appears to acknowledge that he has not exhausted his administrative remedies. *See* ECF No. 1 at 2.

Based on the foregoing, the Court concludes that the Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on White's claims. This does not prevent White from filing a civil rights complaint after he considers his options.

## V. CONCLUSION

(1) The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice, but without leave to amend.

(2) To the extent White raises conditions of confinement claims that do not impact the fact or duration of his confinement, those claims are DISMISSED without prejudice to raising them in a civil rights action.

(3) The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

DATED:  August 22, 2022 at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID WHITE VS. ESTELA DERR; CV 22-00321 LEK-KJM; DISMISSAL ORDER**